UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHERINE BLACK, | Case No. 5:15-cv-00853-PSG |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| THE CHURCH PENSION GROUP SERVICES CORPORATION b/d/a THE EPISCOPAL CHURCH MEIDCAL TRUST, et. al., | (Re: Docket No. 10) |
| Defendants. | |

There is a general rule in California that tort remedies are not available for breach of the implied covenant of good faith and fair dealing.[1] But California courts have long recognized one exception—"cases involving insurance policies."[2] No court, however, has addressed whether a plaintiff also may bring a claim for tortious breach of the implied covenant against a self-funded group health plan or the plan's third-party health claims administrator. Until now.

Plaintiff Catherine Black receives health benefits under an employment benefit plan that is funded and administered by Defendant Church Pension Group Services Corporation, doing business as The Episcopal Church Medical Trust.[3] Defendant Cigna Behavioral Health, Inc. is the

---

[1] *See Cates Construction, Inc. v. Talbot Partners*, 21 Cal. 4th 28, 43 (1999) (internal citations omitted).

[2] *See id.*

[3] *See* Docket No. 1-1 at ¶¶ 2, 7.

1

Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

administrator for the plan.[4]  Claiming that Defendants unreasonably denied her claim for benefits under the plan and engaged in other wrongful conduct, Black seeks, among other things, tort damages for Defendants' alleged breach of the implied duty of good faith and fair dealing.[5]

Defendants move to dismiss Black's tortious breach claim, contending that under California law such a claim "can be brought only against an insurance company based on the bad faith breach of the terms of an insurance policy."[6]  Because Black has not alleged facts that provide a legal basis for this claim under California law, the court GRANTS Defendants' motion.

**I.**

Fed. R. Civ. P. 12(b)(6) provides that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[7]  A plaintiff must allege facts that add up to "more than a sheer possibility" that the defendant acted unlawfully.[8]  While a "heightened fact pleading of specifics" is not required, the plaintiff must still allege facts sufficient to "raise a right to relief above the speculative level."[9]

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[10]  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[11]  In reviewing a Rule 12(b)(6) motion, a court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the

---

[4] *See id.* at ¶¶ 3, 7.

[5] *See id.* at ¶¶ 27-33.

[6] *See* Docket No. 10 at 1.

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Twombly*, 550 U.S. at 555, 570.

[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[11] *Id.* (citing *Twombly*, 550 U.S. at 557).

plaintiff.[12] A court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[13]

Because this case is before the court on diversity jurisdiction, California law applies.[14] Under California law, "it is well established that a covenant of good faith and fair dealing is implicit in every contract."[15] "[This] covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct that frustrates the other party's rights to the benefits of the agreement."[16] "Because this covenant "essentially is a contract term that aims to effectuate the contractual intentions of the parties, compensation for its breach has almost always been limited to contract rather than tort remedies."[17] However, "[a]n exception to this general rule has developed in the context of insurance contracts where, for a variety of policy reasons, courts have held that breach of the implied covenant will provide the basis for an action in tort."[18]

---

[12] *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009), *rev'd on other grounds*, 131 S. Ct. 2074 (2011).

[13] *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal citations omitted).

[14] *See HS Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 644 (9th Cir. 1997) ("In a diversity case, we decide issues of state law as we believe the state's highest court would decide them….Because this diversity case arose in California, we apply California law.") (internal citation omitted).

[15] *Cates*, 21 Cal. 4th at 43 (internal citations omitted).

[16] *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 36 (1995) (internal citations omitted).

[17] *Cates*, 21 Cal. 4th at 43 (internal citations omitted).

[18] *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 684 (1998); *see also Cates*, 21 4th at 43 ("At present, this court recognizes only one exception to that general rule: tort remedies are available for a breach of the covenant in cases involving insurance policies.") (internal citations omitted); *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1180-81 (1993) ("An exception developed in the context of insurance contracts. In that setting, a variety of policy reasons have led courts to conclude that breach of the implied covenant provides a basis for an action in tort.").

3
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

Catherine Black is "a 38-year-old woman with a 26-year history of severe mental illnesses, which include an eating disorder, major depression, an anxiety disorder, post-traumatic stress disorder and self-harming behaviors that include numerous suicide attempts."[19]

Black has "group health insurance coverage as a benefit of her employment with the Protestant Episcopal Church of the United States of America through an Empire BlueCross BlueShield PPO 80/60 Plan."[20] Black's "health insurance coverage was funded through the Medical Trust, which sponsors and administrates the [p]lan."[21] Cigna is "the third party health claims administrator for the [p]lan."[22]

Black was admitted to Avalon Hills Residential Eating Disorders Program, a residential treatment center in South Miami, Florida in October 2013.[23] Cigna initially authorized payment for Black's treatment at Avalon but after less than a month denied authorization for any additional treatment.[24] Black remained in treatment at Avalon Hills through April 2014.[25]

Contending that the Medical Trust and Cigna improperly denied Black's claim for benefits under the plan, Black filed this suit against the Medical Trust and Cigna for breach of contract, breach of the implied covenant of good faith and fair dealing and negligence in the Santa Clara

---

[19] Docket No. 1-1 at ¶ 9.

[20] *Id.* at ¶ 7.

[21] *Id.* The plan also states that the "[t]he benefit plans maintained by the Medical Trust are intended to qualify as 'church plans' within the meaning of Section 414(e) of the Internal Revenue Code and are exempt from the requirements of the Employee Retirement Income Security Act of 1974, as amended." *See* Docket No. 1-1, Ex. A at "Introduction." These "[h]ealth benefits are self-funded by the Medical Trust from accumulated assets and are provided directly from the Episcopal Church Clergy and Employees' Trust." *See id.* at 88.

[22] *See* Docket No. 1-1 at ¶ 7.

[23] *See id.* at ¶ 10.

[24] *See id.* at ¶¶ 11-21.

[25] *See id.* at ¶ 21.

4
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

County Superior Court.[26] Defendants removed the action to this court on the basis of diversity jurisdiction.[27]

Defendants now move to dismiss Black's second claim for relief for breach of the implied covenant of good faith and fair dealing.[28]

## II.

This court has jurisdiction under 28 U.S.C. § 1332. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

At issue is whether Black has stated a claim against Defendants for tortious breach of the implied covenant of good faith and fair dealing. Because Black does not allege facts that provide a legal basis for such a claim against Defendants under California law, the court grants Defendants' motion.

*First*, Black does not state a claim for tortious breach of the implied covenant of good faith and fair dealing against the Medical Trust. "[T]he covenant of good faith and fair dealing can give rise to both contract and tort claims."[29] Black's complaint does not "clearly indicate which legal theory [she] seeks to invoke," but she claims damages for her "anxiety, worry, mental and emotional distress," attorney's fees and punitive damages.[30] These "allegations strongly suggest that [Black's] claim is grounded in tort, not contract" because California courts do not award these

---

[26] *See id.* at ¶¶ 22-38.

[27] *See* Docket No. 1.

[28] *See* Docket No. 10.

[29] *See Kassa v. BP West Coast Products, LLC*, Case No. 5:08-02725-RMW, 2008 WL 3494677, at *6 (N.D. Cal. Aug. 12, 2008) (citing *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 373 & n. 12, 13 (1992)).

[30] *See* Docket No. 1-1 at ¶¶ 31-33; *see also Kassa*, 2008 WL 3494677 at *6.

types of damages for breach of contract claims.[31]  As stated above, California courts currently recognize "cases involving insurance policies" as the "one exception" to the "general rule" that tort remedies are not available for breach of the implied covenant.[32]  Black's own allegations plainly establish that the plan under which she receives health benefits is not an insurance policy.  In particular, Black alleges that her "health insurance coverage was funded through The Medical Trust, which sponsors and administrates" the plan through which she receives health benefits.[33]  The plan itself likewise states that "[h]ealth benefits are self-funded by the Medical Trust from accumulated assets and are provided directly from the Episcopal Church Clergy and Employees' Trust."[34]  An "entity that self-insures is not an insurer within the meaning of Insurance Code sections 22 and 23" because a "self-insurer enters into no contract to indemnify another."[35]

---

[31] *See id.* at *6; *see also Cates*, 21 Cal. 4th at 43-44 ("In the insurance policy setting, an insured may recover damages not otherwise available in a contract action, such as emotional distress damages resulting from the insurer's bad faith conduct and punitive damages if there has been oppression, fraud, or malice by the insurer.") (internal citations omitted); *Brandt v. Superior Court*, 37 Cal. 3d 813, 817 (1985) ("When an insurer's tortious conduct reasonably compels the insured to retain an attorney to obtain the benefits due under a policy, it follows that the insurer should be liable in a tort action for that expense. The attorney's fees are an economic loss—damages—proximately caused by the tort."); *San Jose Options, Inc. v. Yeh*, Case No. 14-00500-KAW, 2014 WL 1868738, at *8 (N.D. Cal. 2014) ("California courts have held that punitive damages may not be awarded for breach of contract.") (internal citations omitted).

Defendants alternatively move to strike portions of Black's complaint that allege tort damages in the event that the court concludes that Black's second claim for relief is for "contractual breach of the covenant of good faith and fair dealing." *See* Docket No. 10 at 6.  Because the court holds that this claim is grounded in tort, not contract, this request is denied as moot.

[32] *See Cates*, 21 Cal. 4th at 43.

[33] *See* Docket No. 1-1 at ¶ 7.

[34] *See* Docket No. 1-1, Ex. A at 88.

[35] *See Truck Ins. Exchange v. Amoco Corp.*, 35 Cal. App. 4th 814, 823 (1995) (internal citations omitted); *see also Aerojet-General Corp. v. Transport Indemnity Co.*, 17 Cal. 4th 38, 72 n.20 (1997) ("In a strict sense, 'self-insurance' is a 'misnomer.'  Insurance is a contract whereby one undertakes to indemnify another against loss, damage, or liability arising from a contingent or unknown event.  Self-insurance is equivalent to no insurance.  As such, it is repugnant to the very concept of insurance.  If insurance requires an undertaking by one to indemnify another, it cannot be satisfied by a self-contradictory undertaking by one to indemnify oneself.") (internal citations omitted); *Richardson v. Gab Business Servs., Inc.*, 161 Cal. App. 3d 519, 523 (1984) ("The

6
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

What Black's allegations do not establish is that the plan under which she receives health benefits is sufficiently similar to an insurance policy to justify an action in tort against the Medical Trust. The California Supreme Court has noted that "the insurance policy cases" that allow tort recovery for breach of the implied covenant "represent a major departure from traditional principles of contract law" even as it recognized the possibility that "policy considerations" could justify extension of tort remedies for breaches of the implied covenant outside of the insurance policy context.[36] In particular, in considering whether a construction performance bond could provide the basis for an action in tort, the Court reasoned that the inclusion of surety arrangements in the Insurance Code "should not be determinative" of whether a plaintiff could premise an action for tortious breach of the implied covenant upon a surety bond.[37] The Court concluded that it must instead "evaluate whether the policy considerations recognized in the common law support the availability of tort remedies in the context of a performance bond," ultimately holding that the exception should not be extended in part because construction performance bonds were not "marked by elements of adhesion, public interest or fiduciary responsibility" which characterize contracts in the insurance policy setting.[38]

Like the plaintiff in *Cates*, Black cannot maintain a tortious breach claim against Medical Trust because she has not alleged facts that support a plausible inference that "policy considerations" warrant tort recovery here.[39] Black is correct that the plan's self-funded status "should not be determinative" of whether it can provide the basis for an action in tort against the

---

allegation of self-insurance, which is equivalent to no insurance, is repugnant to the concept of insurance which fundamentally involves the shifting to a third party, by contract, for a consideration, the risk of loss as a result of an incident or event.").

[36] *See Cates*, 21 Cal 4th at 46, 52.

[37] *See id.* at 52.

[38] *See id.* at 52, 60.

[39] *See id.* at 52.

7
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

Medical Trust.[40]  Further, Black's allegation that the plan provides her with "group health insurance coverage" suggests that when Defendants denied her claim for benefits, Black, like a person who is covered by an insurance policy, likely "cannot to turn to the marketplace to find another [entity] willing to pay for losses already incurred."[41]  However, in light of the distinction under California law between self-insurers and insurance companies—as well as the "great care" that the California Supreme Court has "cautioned courts to exercise….in considering whether to extend the exceptional approach taken in [insurance policy cases] to another contract setting"—this allegation is not sufficient to support a plausible inference that the plan is "marked by elements of adhesion, public interest or fiduciary responsibility, such that an extracontractual remedy is necessitated in the interests of social policy."[42]

***Second***, Black does not state a tortious breach claim against Cigna.  Like her claim against the Medical Trust, Black's claim against Cigna fails because she has not alleged facts that support a plausible inference that this case involves an insurance policy or a contract sufficiently similar to an insurance policy to support an action in tort against Cigna.  However, even if the plan under which Black receives health benefits provides a basis for an action in tort, Black's allegations would still be insufficient because Cigna is not a party to that plan.  Noting that California courts have not yet addressed this issue, Black contends that she has stated a claim against Cigna because courts in other jurisdictions have held a third-party administrator that performs the functions of an insurance company can be held liable for breach of the implied covenant.[43]  However, California law is clear that a plaintiff cannot maintain a claim for tortious breach against a defendant who is not a party to a contract from which the covenant can be implied.

---

[40] *See id.*; *see also* Docket No. 14 at 6 n.2 (noting that "none of the cases cited by Defendants hold that a self-funded plan cannot be liable for a breach of the implied covenant").

[41] *See Cates*, 21 Cal. 4th at 54 (internal citation omitted); *see also* Docket No. 1-1 at ¶ 7.

[42] *See Cates*, 21 Cal. 4th at 46, 60 (internal citations omitted).

[43] *See* Docket No. 14 at 1.

8
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

Defendants do not cite to—and the court is not aware of—any California case that addresses whether a third-party insurance administrator that performs the traditional functions of an insurer may be liable for breach of the implied covenant.[44] However, it is well-settled that under California law, the implied duty of good faith and fair dealing "arises only out of a contractual obligation."[45] "[A]bsent that contractual right…the implied covenant [that gives rise to this duty] has nothing upon which to act as a supplement and should not be endowed with an existence independent of its contractual underpinnings."[46]

The principle that a defendant is not bound by the implied covenant unless it is a party to a contract upon which the implied covenant can "act as a supplement" extends to cases involving insurance policies.[47] For instance, in *Gruenberg v. Aetna Insurance Company*, the plaintiff brought claims for breach of the implied duty of good faith and fair dealing against the plaintiff's insurers, the insurance investigator and a law firm that represented the insurance company.[48] The California Supreme Court recognized that an insurer's breach of the implied duty of good faith and fair dealing "sounds in both contract and tort" and "is a duty imposed by law, not one arising from the terms of the contract itself."[49] However, the Court also explained that this duty arises not out of some unique relationship between the insured and the insurer but because "there is an implied

---

[44] *See* Docket No. 14 at 1.

[45] *See Rude v. Nelson's Marine, Inc.*, Case No. 5:04-0553-JSW, 2004 WL 2623988, at *2 (N.D. Cal. July 2, 2004) (internal citations omitted); *see also Landucci v. State Farm Ins. Co.*, Case No. 5:14-cv-00789-LHK, 2014 WL 3962845, at *12 (N.D. Cal. Aug. 12, 2014) ("[T]here can be no duty of good faith arising from the implied covenant where there is no underlying contract.") (internal citations omitted); *Smith v. City and County of San Francisco,* 225 Cal. App. 3d 38, 49 (1990) ( "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract.") (internal citations omitted).

[46] *See Waller*, 11 Cal. 4th at 36 (internal citation omitted); *see also San Miguel Community Assn. v. State Farm General Ins. Co.*, 220 Cal. App. 4th 798, 812 (2013).

[47] *See Waller*, 11 Cal. 4th at 36.

[48] *See* 9 Cal. 3d at 566, 575-76 (1973).

[49] *See id.* at 573-74 (internal citations omitted).

9
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

covenant of good faith and fair dealing in every contract (including insurance policies) that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."[50] Accordingly, the Court concluded that the plaintiff had alleged "a breach on the part of [the] defendant insurance companies of their duty of good faith and fair dealing they owed plaintiff."[51] In contrast, "the non-insurer defendants were not parties to the agreements for insurance; therefore, they are not, as such, subject to an implied duty of good faith and fair dealing."[52]

In *Wolf v. Prudential Insurance Company of America*, the Tenth Circuit held that the third-party administrator of self-funded medical benefits plans "could be subject to the duty of good faith" because it had a "special relationship" with the plaintiffs.[53] In so holding, the Tenth Circuit noted that "*Gruenberg* [was not] necessarily dispositive of the issue" before the court because "insurers' agents in [*Gruenberg*] were not nearly as involved in the insurance process as [third-party administrator Prudential] was here."[54] Rejecting the district court's conclusion that Prudential did not owe a duty of good faith to the plaintiffs because it was "merely the insurer's agent and is a stranger to the insurance contract," the Tenth Circuit held that Prudential's liability depended "more on the factual question of whether the administrator acts like an insurer such that

---

[50] *See id.* at 573 (internal citations omitted); *see also Iversen v. Superior Court*, 57 Cal. App. 3d 168, 171 (1976) ("While breach of [the obligation to deal fairly and act in good faith with respect to an insurance claim] sounds both in contract and in tort, the existence of the duty which is the subject of the breach depends upon a contractual relationship. The particular relationship is that created by the contract of insurance in which a covenant of good faith and fair dealing is implied as a matter of law.") (internal citations omitted).

[51] *Gruenberg*, 9 Cal. 3d at 575.

[52] *Id.* at 576; *see also Rude*, 2004 WL 2623988, at *2 (holding that non-insurer defendants were "not bounded by a duty of good faith and fair dealing" because they were not "parties to the insurance contract" between the plaintiff and insurance company); *Iversen*, 57 Cal. App. 3d at 171 (holding that claims supervisor employed by defendant insurance company was "not bound by the implied covenant and owe[d] no duty to the insured not to breach it" because he was "an agent of the insurer and not a party to the contract of insurance").

[53] 50 F.3d 793, 798 (10th Cir. 1995).

[54] *See id.* at 797.

10
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

there is a 'special relationship' between the administrator and insured that could give rise to a duty of good faith."[55]

The Tenth Circuit reasoned that Prudential was not a "'stranger' to the insurance contracts" in part because its "contractual obligation" to administer the plans "directly benefitted plaintiffs as third-party beneficiaries of its agreements" with the sponsor of the medical benefit plans.[56] However, the Tenth Circuit ultimately held that a "plan administrator in Prudential's situation could be subject to the duty of good faith" not because the plaintiffs were third-party beneficiaries of Prudential's agreements with the plans' sponsor but because these contractual obligations, in connection with other facts, created a "special relationship between Prudential and plaintiffs" such that "Prudential had the power, motive and opportunity to act unscrupulously."[57] Accordingly, *Wolf* is contrary to California law to the extent that it holds that a defendant's "special relationship" with an insured plaintiff can give rise to an implied duty of good faith even if the defendant lacks a contractual relationship with the insured.

Black's reliance on the Colorado Supreme Court's holding in *Cary v. United of Omaha Life Insurance Company* that "a special relationship…between the administrators and the insured is sufficient to establish in the administrator a duty to act in good faith" is similarly misplaced.[58] The Court rejected the lower court's conclusion that the third-party administrators of the self-funded program through which the plaintiff received health benefits did not owe the plaintiff a duty of good faith and fair dealing "because there was no contractual relationship between the

---

[55] *See id.* (internal citations omitted); *see also Wathor v. Mutual Assistance Administrators, Inc.*, 87 P.3d 559, 562-63 (Okla. 2004) (agreeing with "the analysis of the Tenth Circuit under the facts presented in *Wolf*" and holding that "[i]n a situation where a plan administrator performs many of the tasks of an insurance company, has a compensation package that is contingent on the approval or denial of claims and bears some of the financial risk of loss for the claims, the administrator has a duty of good faith and fair dealing to the insured.").

[56] *See Wolf*, 50 F.3d at 798.

[57] *See id.* at 798.

[58] *See* 68 P.3d 462, 463 (Colo. 2003) (en banc).

11
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

administrators and the insurance claimant."[59]  Rather, the Court concluded that "when the actions of a defendant are similar enough to those typically performed by an insurance company in claim administration and disposition…the existence of a special relationship [is] sufficient for imposition of a duty of good faith and tort liability for its breach—even when there is no contractual privity between the defendant and the plaintiff."[60]  This, too, is contrary to California law.

Black is incorrect that California courts' recognition of the special relationship between the insurer and insured indicates that such a relationship is sufficient to give rise to the implied duty of good faith and fair dealing.  The Tenth Circuit in *Wolf* relied on *Christian v. American Home Assurance Co.*, an Oklahoma case which in turn relied on California cases that analyzed the relationship between the insurer and the insured.[61]  One of the California cases cited to in *Christian* recognized that "[a]n insurer has a special relationship to its insured and has special implied-in-law duties toward the insured."[62]  However, *Christian* did not hold that a claim for tortious breach of the implied covenant can be maintained in the absence of a contract from which the covenant can be implied.  Rather, *Christian* and the California cases to which it cites merely recognized that an insurer's breach of the implied covenant of good faith and fair dealing can give rise to an action in tort.[63]

Like the non-insurer defendants in *Gruenberg*, Cigna is not bound by the implied covenant of good faith and fair dealing because it is not a party to the plan under which Black receives health benefits.  Black alleges that that Cigna is the "third party health claims administrator" for the plan

---

[59] *See id.*

[60] *See id.* at 466.

[61] *See Wolf*, 50 F.3d at 797-98 (citing *Christian v. American Home Assurance Co.,* 577 P.2d 899 (Okla. 1978)); *Christian*, 577 P.2d at 901-4 (citing *Gruenberg*, 9 Cal. 3d 566; *Fletcher v. W. Nat'l Life Ins. Co.*, 10 Cal. App. 3d 376 (1970)).

[62] *See Fletcher*, 10 Cal. App. at 403 (internal citations omitted).

[63] *See id.* at 401-2; *Gruenberg*, 9 Cal. 3d at 575-76; *Christian*, 577 P.2d at 904-5.

12
Case No. 5:15-cv-00853-PSG
ORDER GRANTING MOTION TO DISMISS

under which she receives health benefits."[64]  However, Black does not allege that Cigna is a party to this plan or to any other agreement under which Cigna would owe Black an implied duty of good faith and fair dealing.  Black therefore has not stated a claim against Cigna because she has not alleged that Cigna is involved in a "contractual relationship" with Black such that it owes her a duty of good faith and fair dealing.[65]

Finally, Black's contention that dismissal of her claim is premature because she does not know anything about the relationship between Cigna and the Medical Trust "other than what is stated in the [p]lan" lacks merit.[66]  As noted above, under California law, the implied covenant of good faith and fair dealing arises from a contract upon which the covenant can "act as a supplement" rather than from the existence of a special relationship.[67]  Discovery about the nature of Cigna's relationship with the Medical Trust prior to dismissal therefore is not necessary because even if Black learned that Medical Trust imposed duties upon Cigna which created a special relationship with Black, such a relationship would not bind Cigna to the implied covenant of good faith and fair dealing.

**IV.**

Defendants' motion to dismiss Plaintiff's second claim for relief is GRANTED.  The Ninth Circuit requires that leave to amend be given unless it is clear that the complaint's defects cannot be cured.[68]  Because the court is not yet persuaded that Black's defects are beyond cure, leave to amend is granted.  Plaintiffs shall file any further amended complaint no later than May 30, 2015.

---

[64] *See* Docket No. 1-1 at ¶ 7.  The plan similarly states that Cigna "administers the inpatient and outpatient mental health benefits for members enrolled in this Empire BCBS plan." *See* Docket No. 1-1, Ex. A at 65.

[65] *See Iversen*, 57 Cal. App. 3d. at 171.

[66] *See* Docket No. 14 at 5.

[67] *See Waller*, 11 Cal. 4th at 36.

[68] *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

**SO ORDERED.**

Dated: April 30, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge