Sean P. Nalty CA Bar No. 121253
sean.nalty@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:   415.442.4810
Facsimile:    415.442.4870

Attorneys for Defendants
THE CHURCH PENSION GROUP SERVICES CORPORATION
doing business as THE EPISCOPAL CHURCH MEDICAL TRUST;
and CIGNA BEHAVIORAL HEALTH, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE

| | |
|---|---|
| CATHERINE BLACK,<br><br>            Plaintiff,<br><br>     v.<br><br>THE CHURCH PENSION GROUP SERVICES CORPORATION doing business as THE EPISCOPAL CHURCH MEDICAL TRUST; CIGNA BEHAVIORAL HEALTH, INC.; and DOES 1-25, inclusive,<br><br>            Defendants. | Case No. 5:15-cv-00853-PSG<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:   January 26, 2015<br>Trial Date:          None set<br>Magistrate Judge:   Hon. Paul S. Grewal |

Comes now, defendants The Church Pension Group Services Corporation, doing business as The Episcopal Church Medical Trust ("CPGSC"), and Cigna Behavioral Health, Inc. ("CBH") (collectively "defendants") and answer the complaint for breach of contract and negligence ("the Complaint") filed by plaintiff Catherine Black ("Black") as follows:

1.  Defendants admit the allegations in paragraph 1 on information and belief.

2.  Defendants admit that CPGSC is a corporation with its principal place of business in New York and that it is authorized to transact business in California.

3.  Defendants admit that CBH is a corporation that is authorized to transact business in the State of California.  Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 of the Complaint.

5.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint.

**GENERAL ALLEGATIONS**

6.  Defendants incorporate by reference, as if they were fully set forth below, their responses to paragraphs 1 through 5 stated above.

7.  Defendants admit that Black had group health coverage through her employment with the Protestant Episcopal Church of the United States of America.  Defendants admit that the employee welfare benefit plan that provided the coverage ("the Plan") was self-funded and that the Episcopal Church Medical Trust (the "Medical Trust") sponsored and administered these benefits. The Medical Trust funds its benefit plans through a Voluntary Employees' Beneficiary Association ("VEBA"), the Episcopal Church Clergy and Employees' Benefit Trust ("ECCEBT").  CBH was hired by the Medical Trust to act as a third party administrator for some of the health benefits provided under the Plan.  The document entitled "Plan Document Handbook Empire BlueCross

BlueShield PPO 80/60 Plan" provided the terms of the health benefits provided to Black. Except as so admitted, defendants deny the allegations in paragraph 7 of the Complaint.

8. Defendants admit that all required contributions for health coverage were paid through December 2014. Except as so admitted, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Complaint.

9. Except for the information contained in the claim file that is the subject of this matter, defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint.

10. Defendants admit that Black was admitted to Avalon Hills Residential Eating Disorder Program ("Avalon Hills") on or about October 24, 2013. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint.

11. Defendants admit the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations in paragraph 12 of the Complaint.

13. Defendants admit the allegations in paragraph 13 of the Complaint.

14. Defendants admit that on November 14, 2013, it was determined that Black did not meet the medical necessity criteria for residential treatment and that her further treatment could be accomplished successfully at a partial hospitalization level of care. Except as so admitted, defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of the Complaint.

15. Defendants admit that on November 14, 2013, psychiatrist Fredrick C. Green, Jr., M.D. had a peer to peer review with members of the staff at Avalon Hills. Dr. Green concluded that Black could be treated successfully at a partial hospitalization level of care. Except as so admitted, defendants deny the remaining allegations in paragraph 15 of the Complaint.

16. Defendants admit that CBH offered an expedited appeal of the decision made by Dr. Green and the offer was accepted by Black. A peer review took place on November 22, 2013

and additional residential treatment was authorized through November 21, 2013.  Although Black may be quoting a document that stated that: "Our concern regarding mortality cannot be over-emphasized," defendants deny that treatment at a partial hospitalization level would have been life threatening to Black.  Except as so admitted, defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants admit the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

22. Defendants incorporate by reference, as if they were fully set forth below, their responses to paragraphs 1 through 21 stated above.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

Paragraphs 27-33:  Although defendants deny the allegations in paragraphs 27 through 33, this claim for relief has been dismissed with prejudice pursuant to the Court's order of April 30, 2015.

/ / /

## THIRD CAUSE OF ACTION

### (Negligence)

34. Defendants incorporate by reference, as if they were fully set forth below, their responses to paragraphs 1 through 33 stated above.

35. Defendants do not have to admit or deny legal conclusions. Defendants deny any and all factual allegations alleged in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants deny the allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

Defendants deny the allegations in the prayer of the Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants allege as a first affirmative defense that, as a matter of law, Black cannot state a claim for relief against CBH for negligence in the administration of a self-funded plan.

2. Defendants allege as a second affirmative defense that any recovery that Black may obtain under her claim for relief for negligence must be reduced by the percentage of her comparable fault.

3. Defendants allege as a third affirmative defense that any recovery that Black may obtain under her claim for relief for negligence must be reduced by the fault of any and all responsible third parties, including, but not limited to, the physicians and staff at Avalon Hills.

4. Defendants allege as a fourth affirmative defense that the damages that Black claims to have suffered were caused or made worse by an event that occurred after the events described in the Complaint.

/ / /

/ / /

5. Defendants allege as a fifth affirmative defense that the damages that Black has allegedly suffered were almost entirely caused by events that occurred after the events described in the Complaint and thus defendants are not responsible for Black's claimed damages.

6. Defendants allege as a sixth affirmative defense that Black failed to take reasonable steps to minimize or prevent the damages she claims to have suffered.

7. Defendants allege as a seventh affirmative defense that Black's claim for relief for negligence is time-barred by the one year period set forth in California Code of Civil Procedure § 340.5.

8. Defendants allege as an eighth affirmative defense that Black did not exhaust her administrative remedies and did not follow the claim procedures stated in the Plan.  Accordingly, the Complaint must be dismissed with prejudice.

Wherefore, defendants, and each of them, pray for the following relief:

1. That plaintiff takes nothing by way of her Complaint;

2. That judgment be entered in favor of defendants, and each of them;

3. That defendants recover their attorney's fees and costs; and

4. Any other and additional relief the Court determines is just and proper.

DATED:  June 15, 2015.                                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Sean P. Nalty*
      Sean P. Nalty

Attorneys for Defendants THE CHURCH PENSION GROUP SERVICES CORPORATION doing business as THE EPISCOPAL CHURCH MEDICAL TRUST; and CIGNA BEHAVIORAL HEALTH, INC.